IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KENNETH BOYD and GLORISTEEN BOYD,  Plaintiffs,  v.  STATE FARM FIRE AND CASUALTY COMPANY,  Defendant. | CASE NO: 7:24-cv-116–WLS |

# ORDER

## I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss (Doc. 7) and Motion for Hearing (Doc. 8). After review, the Court denies in part and grants in part the Motion to Dismiss and denies the Motion for Hearing entirely. Although Defendant State Farm Fire and Casualty Company ("State Farm") points to supposed deficiencies in Plaintiffs' allegations of breach, these deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. And State Farm's attempt to mischaracterize prejudgment interest as a cost of litigation allowed exclusively under O.C.G.A. § 33-4-6 is unpersuasive. Because the pleadings in the Record and State Farm's briefing are fully adequate for the Court's review, consideration, and resolution, no hearing is necessary.

## II. PROCEDURAL BACKGROUND

Plaintiffs commenced the above-captioned action by filing a Complaint (Doc. 1-2) in Lowndes County Superior Court. The Complaint asserts three claims. (*Id.* ¶¶ 16–29). Count I asserts a breach of contract claim (*Id.* ¶¶ 16–22). Count II asserts a claim for recovery of interest upon damages under O.C.G.A. § 13-6-13 (Doc. 1-2 ¶¶ 23–24). Count III asserts a claim for bad faith damages and attorney's fees under O.C.G.A. § 33-4-6 (Doc. 1-2 ¶¶ 25−29). On November 14, 2024, State Farm filed a Notice of Removal (Doc. 1) removing the action to this Court.

State Farm filed the instant Motion to Dismiss (Doc. 7) and Motion for Hearing (Doc. 8) on November 21, 2024. Plaintiffs have not filed a timely response nor requested an

extension of time to file such response. The Motions are thus fully briefed and are ripe for resolution.

### III. MOTION TO DISMISS

#### A. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

Generally, the Court may not consider materials outside of the pleading and its attached documents without converting the motion to dismiss into a motion for summary judgment. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). A limited exception to this rule exists, however, with respect to extrinsic material that is "(1) central to the plaintiff's claim and (2) the authenticity of the document is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024)

(internal quotation marks omitted). This exception is referred to as the "incorporation by reference" doctrine. *See e.g.*, *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

### B. Plaintiffs' Failure to Respond

Plaintiffs failed to file a response brief. A district court, however, may not "grant the [defendant's] motion to dismiss based solely on the plaintiffs' failure to respond in opposition." *Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017); *see Woodham v. Am. Cystoscope Co. of Pelham*, 335 F.2d 551, 556 (5th Cir. 1964).[1] When faced with such a default, the court may resolve a motion to dismiss based only upon "the defendants' arguments and the complaint's allegations." *Giummo*, 701 F. App'x at 925. Although a court may not make arguments on behalf of any party, *see Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2018), it must still "consider the merits of the . . . motion to dismiss." *Giummo*, 701 F. App'x at 925; *Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 330 (11th Cir. 2020). Thus, in considering State Farm's Motion to Dismiss, the Court's review is limited to evaluating the merits of State Farm's arguments in the Motion to Dismiss and the allegations of the Complaint.

### C. The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, Plaintiffs owns the property and improvements thereon located at 3001 Melrose Drive, Valdosta, GA 31602 (the "Property"). (Doc. 1-2 ¶ 1). The Property was insured by State Farm under Policy No. 81-CU-Z762-5 ("Policy") and such Policy was in effect on August 30, 2023. (*Id* ¶ 5). On or about August 30, 2023, while the Policy was in effect, the Property suffered physical loss and damage as a result of storm, wind, rain, hail, and/or other covered causes of loss (the "Loss"). (*Id.* ¶ 6). Plaintiffs allege the Loss is covered by the Policy, that they reported the Loss to State Farm through a public adjuster, and State Farm assigned Claim No. 11-62R8-25 to Plaintiffs' claim. (*Id.* ¶¶ 7–8). Plaintiffs further allege that they have paid all premiums due under the Policy, complied with all applicable Policy provisions, and performed all applicable conditions precedent as required under the Policy. (*Id.* ¶¶ 9–11).

Plaintiffs allege that under the terms and conditions of the Policy, they are entitled to recover the value of the damage to the Property and/or personal property caused by the Loss,

---

[1] Decisions of the former Fifth Circuit handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

that State Farm has failed to actively participate in loss adjustment and/or appraisal for this claim, and has unreasonably and frivolously failed or refused to make full payment to Plaintiffs for the Loss. Plaintiffs allege that by such actions, State Farm has acted in bad faith and caused Plaintiffs unnecessary trouble and expense in seeking to obtain payment owed under the Policy. (*Id.* ¶¶ 12–15).

### D. Analysis

State Farm moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. With respect to Count I—breach of contract claim, State Farm contends that Plaintiffs failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards and that Plaintiffs' failed to specify the amount of damages they incurred. As to Count II—prejudgment interest claim, State Farm contends Plaintiffs failed to state a claim for prejudgment interest under O.C.G.A. § 13-6-13 because "in a homeowner's claim, the insured may not seek recovery for extra-contractual damages from the insurer under § 13-6-13." Finally, as to Count III—bad faith damages and attorney's fees under O.C.G.A. § 33-4-6, State Farm contends Plaintiffs failed to allege a demand was made pursuant to O.C.G.A. § 33-4-6.

    1. <u>Count I – Breach of Contract</u>

To state a claim for breach of contract, Plaintiffs must plausibly allege that State Farm owed them a contractual obligation, and breached that obligation, causing Plaintiffs damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); O.C.G.A. § 13-6-1. State Farm asserts that Plaintiffs' claim fails at the breach element because (A) "[P]laintiffs make no allegations as to the exact provisions of the State Farm policy which: (1) entitle them to recovery and (2) State Farm breached[;]" (Doc. 7-1 at 6), and (B) Plaintiffs failed to specify the amount of their loss.

The first claimed deficiency is without merit. The Court's review reveals that Plaintiffs' Complaint alleges the Policy was issued by State Farm as to Plaintiffs' damaged Property, identifies the Policy by Policy Number, and alleges the Policy was in effect on the date of the Loss. (*See* Doc. 1-2 ¶¶ 1, 5, 6). Further, Plaintiffs allege that on August 30, 2023, the "Property suffered physical loss and damage as a result of storm, wind, rain, hail, and/or other covered causes of loss" (*Id.* ¶ 6), and that State Farm's failure to make payment to Plaintiffs constitutes

4

a breach of contract, "including, but not limited to, a breach of the Agreement and Loss Settlement provisions of the Policy" (*Id.* ¶ 21). It is thus plain that Plaintiffs do, in fact, allege specific coverage. And Plaintiffs' claimed losses due to hail (*see* Doc. 1-2 ¶ 27) plainly fall under that coverage. This is more than sufficient to plausibly allege that State Farm breached a specific contractual obligation.

State Farm's second claimed deficiency is equally unavailing. To be sure, general assertions of a breach are insufficient alone to plausibly allege a claim for breach of contract. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1359 (11th Cir. 2020) (citing *Twombly*, 550 U.S. at 555). Such generalized assertions run afoul of *Iqbal* and *Twombly*, which prohibit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Yet where the pleading alleges a specific provision or agreement breached, it complies with the *Iqbal*/*Twombly* plausibility standard. *See Bass*, 947 F.3d at 1359. Plaintiffs have done so here.

Specifically, Plaintiffs allege that the Policy covered damages from "storm, wind, rain, [and] hail" (Doc. 1-2 ¶ 6), Plaintiffs suffered damages from hail (*id.* ¶ 27), and State Farm failed to properly compensate Plaintiffs as the Policy required, including, but not limited to the "Agreement and Loss Settlement provision of the Policy" (*id.* ¶ 19–21). In other words, Plaintiffs alleged the specific provisions breached by State Farm—the provisions which provided coverage for storms, wind, rain and hail damage and the Agreement and Loss Settlement provision. As such, Plaintiffs identify the breached provisions with sufficient specificity to plausibly allege a breach.

Finally, with respect to the amount of damages, Plaintiffs allege they "sustained damages in an amount to be proven at trial." (*Id.* ¶ 22). State Farm cites one unreported, nonbinding case, *Bauer v. State Farm Life Ins. Co.*, No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022), as support for its position that Plaintiffs failed to state a claim for breach of contract because they did not specify the dollar amount of their damages. *Bauer* does not involve a breach of contract for failure to pay an insurance claim. Rather, the relevant claim there alleges that State Farm converted funds from plaintiff's whole life insurance policy by taking unauthorized deductions of funds from her account for expenses. *Id.* at *1. The elements for a breach of contract claim and conversion of money claim are not analogous. State Farm did not cite to any other support for its position that the Plaintiffs are required to

5

state a dollar amount of their alleged damages to satisfy *Iqbal* and *Twombly* pleading requirements to state a claim for breach of contract.

In sum, the Court is unpersuaded that State Farm's proffered deficiencies render Plaintiffs' allegations of breach insufficient. Accordingly, the Court finds that dismissal of Count I is not warranted on the ground that Plaintiffs failed to state a claim, and State Farm's Motion to Dismiss Count I is **DENIED**.

2. Count II – Prejudgment Interest under O.C.G.A. § 13-6-13

State Farm contends that Plaintiffs assert a claim for "attorney fees" under O.C.G.A. § 13-6-13, and that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover extra-contractual damages against his/her insurer. (Doc. 7-1 at 8). Count II alleges "[p]ursuant to O.C.G.A. § 13-6-13, Plaintiffs are entitled to, and [State Farm] is liable for, *interest* upon Plaintiffs' damages sustained as a result of [State Farm's] breach of contract described herein." (Doc. 1-2 ¶ 24 (emphasis added)). O.C.G.A. § 13-6-13 provides: "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery."

The cases cited by State Farm involved situations where plaintiffs claimed attorney fees and/or costs of litigation under § 33-4-6 and § 13-6-11. Section 13-6-11 allows an award of the expenses of litigation as a part of damages "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" None of the cases dealt with an award of prejudgment interest under § 13-6-13 against an insurer. And none of those cases held that § 33-4-6 is the exclusive provision under which an insured can recover *extra-contractual* damages against his/her insurer. State Farm's coining of the term *extra-contractual* in its Motion to Dismiss in an apparent attempt to sweep the award of prejudgment interest into § 33-4-6, is misleading, and a misrepresentation of the statutes and case law. Rather each of those cases held that the insured could not recover *attorney fees* under § 13-6-11 which is the general statute allowing an award of attorney fees and costs of litigation. Prejudgment interest is NOT a cost of litigation.

Accordingly, the Court finds that dismissal of Count II is not warranted on the ground that Plaintiffs failed to state a claim, and State Farm's Motion to Dismiss Count II is **DENIED**.

3. Count III – Bad Faith Claim Demand Requirements under O.C.G.A. § 33-4-6

Turning to Plaintiffs' bad faith claim, under O.C.G.A. § 33-4-6, an insured who suffers a loss covered by an insurance policy may recover additional damages if the issuer of the policy refuses to pay in bad faith. To recover under § 33-4-6, Plaintiffs must show that (1) their claim is covered under the Policy, (2) they demanded payment from the insurer no less than sixty days prior to filing suit, and (3) State Farm's failure to pay was in bad faith. *Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008). State Farm takes issue with the second requirement, contending that, Plaintiffs did not allege that the required demand was made.

State Farm is correct that Plaintiffs did not state in their Complaint that they made a demand for payment prior to filing their Complaint. Count III alleges that State Farm received a report demonstrating the existence of hail damage to the roof of the Property, that it disregarded the report in bad faith, and that State Farm refused to fully compensate Plaintiffs for damages resulting from the Loss despite being provided with ample evidence of the damages covered by the Policy. However, nowhere do Plaintiffs allege that they made a demand for payment no less than sixty days prior to filing their Complaint. Such demand is an essential element to Plaintiffs' claim for bad faith damages and attorney fees under § 33-4-6 and the Court finds that Plaintiffs have not stated a plausible claim for bad faith failure to settle under § 33-4-6. Accordingly, the Court **GRANTS** State Farms' Motion to Dismiss Count III.

### E. Conclusion: Motion to Dismiss

State Farms' Motion to Dismiss (Doc. 7) is **GRANTED in PART** and **DENIED in PART**. The Motion to Dismiss is **GRANTED** with respect to Count III–Bad Faith Damages and Attorney's Fees (O.C.G.A. § 33-4-6) and such claim is **DISMISSED WITH PREJUDICE**. The Motion to Dismiss (Doc. 7) is **DENIED** in all other respects.

### IV. MOTION FOR HEARING

State Farm moves for a hearing in relation to the instant Motion to Dismiss. (Doc. 8 at 1). However, the Court is not required to hold a hearing before resolving a motion to dismiss. *E.g.*, *Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017) (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)). And the Court does not find that one

would be helpful in resolving the issues raised in the instant Motion to Dismiss, as the issues are adequately addressed for the Court's review, consideration and resolution. Accordingly, State Farm's Motion for Hearing (Doc. 8) is **DENIED**.

    **SO ORDERED**, this 9th day of April 2025.

                                            _/s/W. Louis Sands_
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**